IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Frank Howard | CIVIL ACTION NO. |
| Plaintiff, | |
| | COMPLAINT FOR TRADEMARK INFRINGEMENT |
| v. | |
| Ole Boy Outfitters, LLC | JURY TRIAL DEMANDED |
| Defendant | |

Plaintiff Frank Howard ("Plaintiff"), by and through his attorneys, Southeast IP Group, LLC, for its Complaint against defendant Ole Boy Outfitters, LLC ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

PRELIMINARY STATEMENT

1.     This is an action for infringement of Plaintiff's federally-registered trademark GOOD OLE BOYS OUTDOORS under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement, unfair competition, violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§39-5-10, *et seq.*, and unjust enrichment, under the statutory and common laws of the State of South Carolina, all arising from the Defendant's unauthorized use of the mark OLE BOY OUTFITTERS in connection with the distribution, marketing, advertising, promotion, offering for sale and/or sale of Defendant's OLE BOY OUTFITTERS apparel goods.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. Upon information and belief, Personal jurisdiction over Defendant is proper in this District and is consistent with the principles of due process and the South Carolina Long Arm Statute, S.C. Code Ann. §36-2-803, because the Defendant offers their products for sale in this District, has transacted business in this District, has committed acts of trademark infringement in this District, and/or has placed products with infringing marks into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District. Pictures showing Defendant's OLE BOY OUTFITTERS apparel goods shipped to Greenville, South Carolina, after purchase from their website, which evidences such infringing products are being placed into the stream of commerce in this District is hereby attached as Exhibit 1. Further, based upon inspection of Defendant's website and links thereupon, Defendant offers their OLE BOY OUTFITTERS apparel goods through third party stores and their websites, some of which include in the same retailers that Plaintiff sells his GOOD OLE BOYS OUTDOORS goods.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, Frank Howard, is a South Carolina businessman, using the GOOD OLE BOYS OUTDOORS mark to sell merchandise, headquartered in Gallivan Ferry, South Carolina. Plaintiff sells his apparel goods through his internet site, https://goodoleboysoutdoors.com. Plaintiff is the owner of a registered trademark—Reg. No. 6,617.668—for the word mark GOOD OLE BOYS OUTDOORS for hats; sweatshirts; long-sleeved shirts; short-sleeve shirts; T-shirts. Plaintiff sells apparel goods under the GOOD OLE BOYS OUTDOORS trademark through his internet site.

7. Upon information and belief, Defendant Ole Boy Outfitters, LLC ("Defendant") is a privately held corporation incorporated in Tennessee and maintains its headquarters at 10650 Murdock Drive, Knoxville, TN 37932. Defendant sells apparel goods with text that reads "Ole Boy Outfitters", online at the website www.oleboyoutfitters.com, as well as on their Instagram page, @oleboyoutfitters, throughout the United States, including in this district. The website first appeared on February 26. 2024. However, the website did not become operational until May 22, 2024, evidenced by screenshots taken from the Wayback Machine. Attached hereto as Exhibit 6 are true and correct images taken from the Wayback Machine of the website on February 26, 2024 as well as May 22, 2024.

## FACTS

**Plaintiff and its GOOD OLE BOYS OUTDOORS Mark**

8. Plaintiff is a businessman based in Gallivan Ferry, South Carolina who has been in operation for over four years. At least as early as June 1, 2020, Plaintiff has been selling hats, t-shirts, sweatshirts, and other apparel under the mark GOOD OLE BOYS OUTDOORS.

9. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6,617.668 on the Principal Register in the United States Patent and Trademark Office for the trademark GOOD OLE BOYS OUTDOORS (hereinafter "GOOD OLE BOYS OUTDOORS Mark") for hats, sweatshirts, long-sleeved shirts, short-sleeve shirts, and t-shirts. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 6,617.668, which was issued by the United States Patent and Trademark Office on January 18, 2022.

10. Plaintiff has used the GOOD OLE BOYS OUTDOORS Mark in commerce continuously since at least as early as June 1, 2020 in connection with the offering for sale, sale, marketing, advertising and promotion of apparel goods. Attached hereto as Exhibit 3 is a copy of a representative sample of a label showing Plaintiff's use of the GOOD OLE BOYS OUTDOORS Mark in connection with apparel goods.

11. Since January 1, 2022, Plaintiff has generated over $2.5 million ($2,500,000) dollars in revenue through sale of apparel goods in connection with the GOOD OLE BOYS OUTDOORS mark.

12. Since January 1, 2022, Plaintiff's apparel goods in connection with the GOOD OLE BOYS OUTDOORS mark have been available for sale in over 330 stores, including both online and physical locations.

13. As a result of its continuous and exclusive use of the GOOD OLE BOYS OUTDOORS Mark to identify its apparel goods and Plaintiff as its source, Plaintiff owns valid and subsisting federal statutory and common law rights to the GOOD OLE BOYS OUTDOORS Mark.

14. Plaintiff has expended substantial time, money and resources marketing, advertising and promoting the apparel goods sold under the GOOD OLE BOYS OUTDOORS Mark.

15. Plaintiff offers and sells its apparel goods under its GOOD OLE BOYS OUTDOORS Mark to customers online and in bulk to physical store locations.

16. As a result of Plaintiff's expenditures and efforts, the GOOD OLE BOYS OUTDOORS Mark has come to signify the high quality of the apparel goods designated by the GOOD OLE BOYS OUTDOORS Mark, and acquired incalculable distinction, reputation and goodwill belonging exclusively to Plaintiff.

**Defendant's Unlawful Activities**

17. Upon information and belief, Defendant is engaged in the manufacture, promotion, and sale of apparel goods both online and through a variety of larger third-party retailers' stores, including retailer stores in South Carolina, the same stores in which Plaintiff sells his GOOD OLE BOYS OUTDOORS Mark apparel.

18. Upon information and belief, without Plaintiff's authorization, beginning after Plaintiff acquired protectable exclusive rights in its GOOD OLE BOYS OUTDOORS Mark, Defendant began using the mark OLE BOY OUTFITTERS (hereinafter, the "Infringing Mark") in US commerce in reference to its apparel goods.

19. Upon information and belief, Defendant applied for registration with the United States Patent and Trademark Office for the Infringing Mark Serial Number 98454895, on March 18, 2024, with a first use in commerce date of January 2, 2024. Attached hereto as Exhibit 5 are

true and correct images of the USPTO database on Defendant's application for the Infringing Mark.

20. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's GOOD OLE BOYS OUTDOORS Mark. Both Plaintiff's and Defendant's marks at issue utilize the same words in the same order in reference to the same class of product.

21. Upon information and belief, Defendant has been engaged in the distribution, advertising, promotion, offering for sale and sale of apparel goods using the Infringing Mark online and through third-party retailers' stores throughout the United States, including in the same state as Plaintiff. Attached hereto as Exhibit 1 are true and correct images of a representative package of apparel goods with the label showing Defendant's use of the Infringing Mark.

22. Upon information and belief, the products Defendant has distributed, provided, marketed, advertised, promoted, offered for sale and sold under the Infringing Mark and those sold under Plaintiff's GOOD OLE BOYS OUTDOORS Mark are both apparel goods.

23. Upon information and belief, Defendant offers and sells its apparel goods under the Infringing Mark to consumers.

24. On March 21, 2024, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's counsel's March 21, 2024 cease and desist letter to Defendant regarding the request to cease and desist use of Plaintiff's GOOD OLE BOYS OUTDOORS Mark.

25. Defendant's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's apparel goods and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's apparel goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

26. Defendant's infringing acts, as alleged herein, are being repeated as they are ongoing, infringing Plaintiff's GOOD OLE BOYS OUTDOORS Mark with each package of apparel goods labeled with the Infringing Mark sold and offered for sale in Defendant's advertisements, online, and in each store.

27. Defendant's infringing acts, as alleged herein, are unfair because the use of Defendant's OLE BOY OUTFITTERS on apparel goods trades on the goodwill of such mark, causes marketplace confusion, and diverts potential sales of Plaintiff's apparel goods to Defendant.

28. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's GOOD OLE BOYS OUTDOORS Mark, cause confusion and deception in the marketplace and divert potential sales of Plaintiff's apparel goods to the Defendant.

29. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law. Plaintiff's irreparable harm also includes, without limitation, harm to the value of its goodwill and business reputation and its ability to exclusively maintain its Trademarks to the exclusion of all others.

30.     Plaintiff is likely to succeed on the merits of its claims. Any harm to Defendant if injunctive relief is granted would be outweighed by the harm that would result to Plaintiff if injunctive relief is not granted. The public interest would be best served by the granting of injunctive relief.

**COUNT ONE**
**(Federal Trademark Infringement)**

31.     Plaintiff repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32.     Defendant's unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the GOOD OLE BOYS OUTDOORS Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

34.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition and False Designation of Origin)

36.     Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

38.     Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff.

39.     Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendant's apparel goods.

40.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

42.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs

of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### (Common Law Trademark Infringement)

43. Plaintiff repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Through continuous and exclusive use of Plaintiff's GOOD OLE BOYS OUTDOORS Mark, Plaintiff has acquired common law rights in its GOOD OLE BOYS OUTDOORS Mark. Plaintiff possesses common law rights in geographic areas that overlap with the geographic areas Defendant markets, advertises, promotes, sells, and offers for sale its apparel goods under the Infringing Mark, including the State of South Carolina.

45. Defendant's acts set forth above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's apparel goods, in violation of the common laws of the State of South Carolina and to the detriment of the Plaintiff and Plaintiff's business.

46. Upon information and belief, by virtue of the foregoing conduct and as a proximate result therefrom, Plaintiff has been damaged and will continue to be damaged as long as the Defendant's infringing conduct continues.

## COUNT FOUR
### (Common Law Unfair Competition)

47. Plaintiff repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

48. Defendant's acts set forth above have created a likelihood of confusion about the origin, source, sponsorship, or approval of Defendant's apparel goods sold under Defendant's Infringing Mark because the marks are identical and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, in violation of the common laws of the State of South Carolina and to the detriment of the Plaintiff and Plaintiff's business.

49. Upon information and belief, by virtue of the foregoing conduct and as a proximate result therefrom, Plaintiff has been damaged and will continue to be damaged as long as the Defendant's infringing conduct continues.

## COUNT FIVE
### (South Carolina Unfair Trade Practices Act Violation)

50. Plaintiff repeats and realleges paragraphs 1 through 49 hereof, as if fully set forth herein.

51. As set forth in detail above, Defendants have engaged in unlawful, unfair or deceptive business practices in violation of South Carolina Code Ann. §§39-5-10, *et seq.*, as well as acts of unfair competition in violation of the common law.

52. Among other things, Defendant's use of the Infringing Mark creates the impression that Defendant's apparel goods have been approved, licensed, sponsored or authorized by Plaintiff.

53. In addition, Defendant's aforesaid wrongful acts and unauthorized use of the Infringing Mark that is identical to Plaintiff's GOOD OLE BOYS OUTDOORS Mark constitutes unfair competition.

54. Upon information and belief, Defendant's conduct was and is intentional and in deliberate disregard of the rights of Plaintiff. By reason thereof, Plaintiff is entitled to recover not only Defendant's profits and Defendant's actual damages, but also punitive or exemplary damages in an amount sufficient to deter Defendant from similar conduct in the future.

55. The unlawful, unfair, and deceptive business practice of Defendant is capable of repetition, is continuing, and is likely to continue and therefore will continue to mislead the public by presenting false association of Defendant's apparel goods with Plaintiff and Plaintiff's apparel goods.

56. Defendant has also wrongfully profited from selling goods and services in commerce that infringe upon and violate Plaintiff's GOOD OLE BOYS OUTDOORS Mark.

57. Defendant should be, upon final hearing, permanently enjoined from using the Infringing Mark.

**COUNT SIX**
**(Unjust Enrichment)**

58. Plaintiff repeats and realleges paragraphs 1 through 57 hereof, as if fully set forth herein.

59. Defendant has controlled, misappropriated and used Plaintiff's GOOD OLE BOYS OUTDOORS Mark to their own advantage.

60. Through the unlawful and improper conduct described above, Defendant has, at the expense of the Plaintiff, been unjustly enriched and should not be entitled to retain those benefits.

61. Plaintiff is entitled to restitution of the amount by which Defendant was, and continues to be, unjustly enriched, and Defendant should be estopped from inequitably retaining such benefits.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. That Defendant has violated South Carolina Code Ann. §§39-5-10, *et seq.*, infringed Plaintiff's common law trademark rights in its GOOD OLE BOYS OUTDOORS Mark, engaged in unfair competition under the common law of the State of South Carolina, and was unjustly enriched.

3. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. Distributing, selling, marketing, advertising, promoting or authorizing any third party to distribute, sell, market, advertise or promote apparel goods bearing the mark OLE BOY OUTFITTERS or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Plaintiff's GOOD OLE BOYS OUTDOORS Mark;

b. engaging in any activity that infringes Plaintiff's rights in its GOOD OLE BOYS OUTDOORS Mark;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's apparel goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or (ii) Plaintiff's apparel goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the mark OLE BOY OUTFITTERS or any other mark that infringes or is likely to be confused with Plaintiff's GOOD OLE BOYS OUTDOORS Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's apparel goods.

5.  Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the mark, OLE BOY OUTFITTERS, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's GOOD OLE BOYS OUTDOORS Mark, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the mark, OLE BOY OUTFITTERS, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's GOOD OLE BOYS OUTDOORS Mark, and to immediately remove them from public access and view.

6.  Directing that Defendant recall and deliver up for destruction or other disposition all packaging, containers, advertisements, promotions, signs, displays and related materials

incorporating or bearing the mark, OLE BOY OUTFITTERS, or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of Plaintiff's GOOD OLE BOYS OUTDOORS Mark.

7. Directing, pursuant to Section 34(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all claims as to which a jury trial may be permitted.

Dated: September 18, 2024

Greenville, South Carolina

Respectfully submitted,

/s/ Thomas L. Moses
Thomas L. Moses
Fed. ID 7049
SOUTHEAST IP GROUP, LLC
P.O. Box 14156
Greenville, South Carolina 29610
Telephone: (864) 509-1905
E-mail: tmoses@seiplaw.com
*Attorney for Plaintiff*